NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-599

KENNETH JAMES OTEY

vs.

COMMONWEALTH OF MASSACHUSETTS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kenneth James Otey, filed a complaint in the Superior Court, claiming that he suffered an erroneous felony conviction and incarceration, and demanding compensation from the defendant (Commonwealth) pursuant to G. L. c. 258D. He claimed that he was entitled to compensation because a judge ultimately vacated his conviction and dismissed the underlying indictment. A Superior Court judge allowed the Commonwealth's motion to dismiss. We affirm.

Background. On March 2, 2008, the plaintiff pleaded guilty to distribution of a class B substance (cocaine), and a Superior Court judge sentenced him to State prison for three years to three years and one day. The defendant served his sentence that terminated on July 11, 2011. Seven years later, the Supreme Judicial Court issued an opinion in the case of Committee for

Pub. Counsel Servs. v. Attorney Gen., 480 Mass. 700, 704 (2018), and dismissed thousands of convictions and pending charges connected with the Amherst drug laboratory where an employee tampered with evidence in criminal cases.  In accordance with that decision, on December 13, 2018, a single justice of the Supreme Judicial Court vacated the plaintiff's conviction and dismissed the charge with prejudice.

On December 10, 2021, the plaintiff filed a complaint (and later a first amended complaint) seeking compensation pursuant to G. L. c. 258D.  The Commonwealth filed a motion to dismiss.  Following a hearing, a judge allowed the motion to dismiss through an endorsement order.  The judge reasoned that the plaintiff's conviction was not vacated "on grounds which tend to establish his innocence.  G. L. c. 258D, § 1 (B) (ii).  His conviction was vacated and dismissed for reasons unrelated to the merits of the indictments."  Because the plaintiff's claim did not qualify for relief under the governing statute, the judge dismissed the complaint.

Discussion.  "We review the allowance of a motion to dismiss de novo" (quotation and citation omitted).  Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 538 (2022).  "A motion to dismiss will be granted unless the factual allegations in the complaint are enough to raise a right to relief above the speculative level based on the assumption that all the

2

allegations in the complaint are true (even if doubtful in fact)" (quotation and citation omitted). Id.

To recover damages against the Commonwealth for a wrongful conviction, the plaintiff must initially establish that he is within a "class of persons eligible to obtain relief." G. L. c. 258D, § 1 (B). As relevant here, that class of persons includes "those who have been granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish the innocence of the individual." G. L. c. 258D, § 1 (B) (ii). Such grounds must rest "upon facts and circumstances probative of the proposition that the [plaintiff] did not commit the crime" (quotation and citation omitted). Guzman v. Commonwealth, 458 Mass. 354, 362 (2010). Put another way, "a plaintiff must first show that the grounds for judicial relief were probative of his innocence." Riley v. Commonwealth, 82 Mass. App. Ct. 209, 212 n.3 (2012).

Here, the judicial relief granted by the single justice was unrelated to the question of the plaintiff's innocence. According to the record, the single justice vacated the plaintiff's conviction "per order of the Supreme Judicial Court." The origin of that order comes from Committee for Pub. Counsel Servs., 480 Mass. at 723, 729, where the Supreme Judicial Court expressly eschewed relying upon a case-by-case adjudication and opted instead for a global remedy involving

3

thousands of cases impacted by improprieties at the Amherst drug laboratory. Thus, far from being "probative of his innocence," Riley, 82 Mass. App. Ct. at 212 n.3, the order of the single justice was based solely upon the fact that the cocaine in the plaintiff's case happened to be analyzed at the subject lab during a certain time period. Nothing in the single justice's order suggests any "facts and circumstances probative of the proposition that the [plaintiff] did not commit the crime" (quotation and citation omitted). Guzman, 458 Mass. at 362. Therefore, the plaintiff did not establish that he is within a "class of persons eligible to obtain relief." G. L. c. 258D, § 1 (B).

We disagree with the plaintiff's contention that the single justice's order bespeaks innocence. He contends that the order indicates innocence because misconduct at the Amherst drug laboratory merited the extraordinary remedy of dismissal, and there is no longer any available evidence showing that he committed a crime. The Supreme Judicial Court has rejected similar arguments. In Commonwealth v. Caliz, 486 Mass. 888, 892 (2021), the court recognized the egregious misconduct related to the Amherst drub laboratory, but declined to equate "government misconduct" with "actual innocence." Also, a judicial remedy that results in the absence of a retrial due to "dismissal or nolle prosequi of the underlying criminal charge" does not

4

equate with innocence.  Peterson v. Commonwealth, 478 Mass. 434, 439 (2017).  Judicial remedies for "'procedural or evidentiary errors or structural deficiencies at . . . trial[] that could well be "consistent" with innocence without any tendency to establish it' would not meet the statutory definition."  Irwin v. Commonwealth, 465 Mass. 834, 846 (2013), quoting Guzman, 458 Mass. at 358.  Because the plaintiff's conviction was not vacated on grounds tending to establish innocence, he is not eligible for relief under G. L. c. 258D.  Contrast Drumgold v. Commonwealth, 458 Mass. 367, 378 (2010) (grounds for relief probative of "reliability of the identification of [the defendant] as one of the shooters"); Guzman, supra at 365 (grounds for judicial relief tend to establish innocence where "erroneously omitted evidence was probative of the conclusion that the culprit was someone else").

The plaintiff's request for attorney's fees is denied.

Judgment affirmed.

By the Court (Shin, Brennan & Hodgens, JJ.[1]),

*Anne M. Thomas*
Assistant Clerk

Entered:  March 14, 2024.

---

[1] The panelists are listed in order of seniority.

5